## CENTRAL TRUST CO. OF NEW YORK v. CHICAGO & O. P. ELEVATED R. CO.

## VILLAGE OF OAK PARK v. INSULL.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1922.)

No. 3107.

1. **Street railroads** ⬉**38—Amendment of ordinance held not to abrogate obligation to maintain pavement.**

An ordinance amending an ordinance granting a franchise to a railroad company, with respect to the part of a street which the railroad company was required to pave, *held* not to repeal another provision of

the original ordinance, requiring the railroad company to maintain the pavement.

**2. Street railroads** ⊚∞18—**Grant of right to use streets construed in favor of public.**

Grants to street railroad companies of the right to use the streets are construed in favor of the public.

**3. Street railroads** ⊚∞38—**Failure to enforce paving ordinance held of no force in construing ordinance.**

The failure of village officers to enforce street railroad company's obligation to maintain certain paving, under a franchise ordinance granted by a town prior to the incorporation of the village, *held* of no persuasive force in construing the ordinance, where it affirmatively appeared that the village officers were ignorant of such provision of the ordinance.

Appeal from the District Court of the United States for the Eastern Division of Northern District of Illinois.

Receivership suit by the Central Trust Company of New York against the Chicago & Oak Park Elevated Railroad Company, in which the Village of Oak Park instituted a proceeding against Samuel Insull, receiver of the Railroad Company. From a decree in favor of the receiver, the Village appeals. Reversed, with directions.

Fred B. Hovey, of Chicago, Ill., for appellant.

Carroll H. Jones, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. The village of Oak Park, carved out of the town of Cicero, is a municipal corporation organized in 1903 under the laws of Illinois. In 1898 the town of Cicero granted a franchise to the Cicero & Harlem Railway Company, the predecessor of the Chicago & Oak Park Elevated Railroad Company. This ordinance, known as the original ordinance, imposed upon the railroad company the obligation to pave certain streets, including South boulevard, *and to maintain all of said pavements.*

The provision for maintaining the pavements is found in section 7 of the ordinance, and reads as follows:

" * * * All of said pavements to be maintained by said company, its successors, lessees and assigns, during the life of this ordinance, and, if it or they shall refuse to make and maintain such pavements or planking, or to make and maintain any of the other pavements in this ordinance provided for, the same may be done by the town of Cicero, and the said company, its successors, lessees, and assigns, shall be liable for and hereby agrees to pay to the town of Cicero the cost thereof. * * * "

On the 22d day of December, 1900, the town of Cicero amended this original ordinance, and we set forth below the parts thereof that bear upon this appeal.[1] To better understand the reference to section 7,

---

[1] "(c) That section 7 of said ordinance be and the same is hereby amended by adding at the end thereof and in lieu of the other provisions of said section 7 referring to the paving of sixteen (16) feet of that part of South boulevard from Austin avenue to Harlem avenue the following:

"Provided, in lieu of paving the sixteen (16) feet of South Boulevard between Austin avenue and Seventy-Second avenue, as above provided, said company shall pave with macadam pavement that part of the roadway of South boulevard between Austin avenue and Harlem avenue and south of the

referred to in paragraph (c) of the amended ordinance, we set forth in full that portion of section 7 of the original ordinance thus referred to:

"* * * Provided, however, that instead of paving that portion of South boulevard and Lake street from Pine avenue west to Seventy-Second avenue to be occupied by the tracks herein authorized and required to be laid on said street, the north sixteen (16) feet of the roadway south of that part of said streets used and occupied by the track of said railroad shall be curbed and paved as above provided, in conformity with the improvement of the south part of said streets now made or hereafter to be made by order of the authorities of said town. And upon the failure to so pave and curb said sixteen (16) feet the said railway company, its successors, lessees, or assigns, shall pay the cost of paving and curbing the same to the town of Cicero, or its successors, and such may be recovered by said town in any appropriate action of law, from said company, its successors, lessees or assigns: Provided, no pavement shall be required of said company on Lake street between Pine avenue and Fifty-Second avenue: Provided, further, that where said company, is herein required to pave and keep paved sixteen (16) feet in width of any street said company, its right of way and franchises shall not be assessed for the paving of any other portion of said street."

[1] A comparison of the amended and the original ordinance leaves no doubt as to the intent of the grantor. It was merely intended to change the part of South boulevard which the railway company was required to pave. No intention was evidenced to repeal the provisions elsewhere found in section 7, which required the grantee to maintain the pavement it constructed.

[2] While it is quite elementary that grants of the character under consideration should be construed in favor of the public (25 R. C. L. 1089; 36 Cyc. 1177; Stein v. Bienville Water Supply Co., 141 U. S. 67, 11 Sup. Ct. 892, 35 L. Ed. 622; Coosaw Mining Co. v. South Carolina, 144 U. S. 550, 561, 12 Sup. Ct. 689, 36 L. Ed. 537; Hannibal & St. Joseph Railroad Co. v. Missouri River Packet Co., 125 U. S. 260,

right of way herein granted, and shall place at the south side of said macadam pavement a combined cement curb and gutter, and said roadway so paved with macadam pavement between Austin avenue and Oak Park avenue shall be twenty-six (26) feet in width, between the south line of the right of way herein granted and the curb upon the south side of said pavement as hereinbefore provided, and between Home avenue and Seventy-Second avenue, said macadam pavement shall be twenty-six feet in width and between Oak Park avenue and Home avenue, said pavement shall be eighteen (18) feet in width, provided that at all street and alley intersections on South boulevard, said macadam pavement shall extend to the south line of said South boulevard, except where said pavements are now laid, and said company shall commence work upon said pavement on or before June 1, A. D. 1901, and shall prosecute the same continually to completion on or before November 1, 1901. And all said work shall be done in conformity with the ordinances and general specifications for macadam pavement with combined cement curb and gutter, as in use by the town of Cicero and under the direction and supervision of the town engineer, and the right of way of the Cicero & Harlem Railway Company, now known as the Chicago & Harlem Railway Company, between Oak Park avenue and Wisconsin avenue shall be ballasted in a similar manner to that done by said company on Lombard avenue between South boulevard and Randolph street, and shall likewise plank the entire space at all street intersections between the curb lines of the cross streets and upon the right of way herein granted; that said company shall not place any curb at the south line of the right of way herein granted."

271, 8 Sup. Ct. 874, 31 L. Ed. 731) it is not necessary to invoke any such rule in this suit, for nothing appears, express or implied, that would in any way suggest a modification of the obligation to maintain the pavements, an obligation which was a distinct and additional burden imposed upon the grantee.

[3] We find nothing in the conduct of the parties that in any way affects or throws light upon the question. It appears that the officers of the village of Oak Park did not enforce this provision of the ordinance, but it also affirmatively appears that such officers were ignorant of the provision of the ordinance granted by the town prior to the incorporation of the village. Acts of parties to be persuasive in construing any contract must be knowingly performed.

It follows, from what has been said, that the obligation to maintain the pavements remained with the railroad company after the ordinance was amended, and the decree of the District Court is reversed. with directions to enter an order in accordance with the views here expressed.